UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANTUS, CORP.,<br><br>                                  Plaintiff,<br><br>v.<br><br>SANDPIPER OF CALIFORNIA, INC.; n/k/a DBJ Enterprises, Inc.; PIPERGEAR USA, INC.; INNOVAPRO CORPORATION; and DAVID JACOBS,<br><br>                                  Defendants. | Case No.: 19cv1892-CAB (NLS)<br><br>**ORDER ON MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 4**<br><br>**[ECF No. 193]** |

Before the Court is Plaintiff Advantus, Corp.'s ("Advantus") Motion for Determination of Discovery Dispute No. 4, wherein Plaintiff seeks to compel Defendants Innovapro Corporation ("Innovapro") and Sandpiper of California ("Sandpiper") to respond to its Requests for Admission ("RFA") 2, 4, 6, 8, 10, 12, 14, 16, and 18.  ECF No. 193.  After due consideration and for the reasons set forth below, the Court **GRANTS** Advantus's motion to compel responses to these RFAs.

**I.     BACKGROUND**

Advantus is a company that manufactures and distributes various products, including military style bags, backpacks, and other luggage items under its Mercury Luggage and Mercury Tactical Gear Brands ("Mercury").  ECF No. 121 at ¶ 2.  It filed

this lawsuit against Defendants, alleging that they engaged in false advertising of competing products and labeled their goods as being made in the USA without any basis to do so. *Id.* at ¶¶ 19-23.

Innovapro in turn asserted counterclaims against Advantus and Mercury for trademark infringement. ECF No. 150. Among other claims, Innovapro alleges that Mercury's Bunker 72 Hour Pack and Blaze Bugout backpack products infringe on the trade dress of its own Three Day Pass and Bugout backpack products. *Id.* at ¶¶ 32-33. Specifically, Innovapro alleges that the trade dress arises from a combination of the following design features: (1) a top carrying handle comprising bare webbing, (2) compartment-wide webbed MOLLE panels, (3) enlarged name tape panel located at the top-center of the secondary external compartment, (4) external compartment zipper tracks that are completely rounded at the top, (5) faux leather ID tag, (6) rectangular patch and stitching on the bottom of the bags, and (7) the particular compartment numbers and arrangement. *Id.* at ¶ 33. In its answer, Advantus and Mercury assert the defense that this trade dress is not protectable because the features are functional. ECF No. 177 at 13, ¶¶ 81-84, 90-94.

On December 30, 2020, Advantus served several RFAs regarding these design features on Innovapro and Sandpiper.[1] In their responses, Innovapro and Sandpiper both provided only objections to the RFAs at issue and did not provide any substantive responses. In this motion, Advantus seeks to compel responses from Innovapro and Sandpiper.

**II.     DISCUSSION**

The RFAs that are at issue in this motion are recited below, each essentially asking for an admission on whether an individual design feature or combination of features would make the bag less useful for users:

---

[1] Sandpiper originally marketed and sold the Three Day Pass and Bugout backpack products that Innovapro now owns. ECF No. 150 at ¶ 16

**RFA 2**: If the Sandpiper Bags did not have a top carrying handle, such bags would be less useful to users of the bags.

**RFA 4**: If the Sandpiper Bags did not have compartment-wide webbed MOLLE panels, such bags would be less useful to users of the bags.

**RFA 6**: If the Sandpiper Bags did not have the enlarged name tape panel, such bags would be less useful to users of the bags. in the case.

**RFA 8**: If the Sandpiper Bags did not have the external compartment zipper tracks that are completely rounded at the top, such bags would be less useful to users of such bags.

**RFA 10**: If the Sandpiper Bags did not have a faux leather ID tag, such bags would be less useful to users of the bags.

**RFA 12**: If the Sandpiper Bags did not have the rectangular patch and stitching on the bottom of the bags, such bags would be less useful to users of the bags.

**RFA 14**: If the Sandpiper Bags did not have the particular compartment number and arrangement of such compartments, such bags would be less useful to users of the bags.

**RFA 16**: If the S.O.C. Bugout Bag had fewer features, it would be less useful to users of the bag.

**RFA 18**: If the Three Day Pass Bag had fewer features, it would be less useful to users of the bag.

Innovapro and Sandpiper objected to each of these on the same grounds—that each calls for a legal conclusion, is vague as to time and the term "useful," assumes facts and is an incomplete hypothetical, and violates Rule 36 because the rule "does not ask responding party to admit or deny either: (a) facts, the application of law to fact, or opinions about either, or (b) the genuineness of any described documents; rather, the request proposes a hypothetical that is not based on fact and impermissibly requests that responding party provide, in effect, an opinion to that effect." ECF No. 193-2 at 11. Innovapro and Sandpiper's arguments in opposition to this motion are the same— primarily that they cannot be compelled to respond to a RFA that is predicated on an incomplete hypothetical. *Id.* at 18.

Advantus disagrees, arguing that the RFAs are not incomplete hypotheticals because they directly relate to an issue in dispute and would reduce the burden on the factfinder at trial. *Id.* at 14-17. In addition, Advantus argues that the RFAs do not call for a legal conclusion because they do not use legal terms or concepts and simply ask a factual question. Advantus also argues that the RFAs are not vague because the term "useful" is a commonly understood term in the English language.

Courts have not compelled parties to respond to incomplete hypotheticals that are "not tied to the facts at issue in the case." *Friedman v. Godiva Chocolatier, Inc.*, No. 09CV977-L BLM, 2010 WL 4009660, at *2 (S.D. Cal. Oct. 13, 2010) (declining to compel responses to admissions regarding a hypothetical retailer and hypothetical customer). In *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-CV-1846 LHK PSG, 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012), the court explained that the issue of whether an admission sought is proper reduces to this question: "does a given RFA address a disputed fact in the case and would an affirmative response reduce the burden on a jury at trial?"

Advantus argues that the RFAs here are tethered to an issue in the case—whether the claimed trade dress is functional or not—and an affirmative answer would reduce the burden on the fact finder at trial. ECF No. 193-2 at 15. Thus, Advantus argues that the RFAs are comparable to conditional hypotheticals that have been permitted by other courts. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 952254, at *4 (permitting RFAs that compared an asserted design to specific design patents identified to be prior art in patent infringement lawsuit because the RFAs addressed the factual issue of whether the patents were anticipated by prior art). Furthermore, Advantus argues that the RFAs are not the same of the RFAs in the cases that Innovapro and Sandpiper rely upon, because the hypotheticals in those cases addressed factual situations that have no impact on the issues to be decided. ECF No. 193-2 at 16-17.

The Court agrees with Advantus. Whether the trade dress specifically named in the RFAs are functional or not is at clearly in the case as a defense asserted by Advantus

and Mercury. ECF No. 177 at 13, ¶¶ 81-84, 90-94. "A trademark is functional 'when it is essential to the use or purpose of the device or when it affects the cost or quality of the device.'" *Talking Rain Beverage Co. Inc. v. S. Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003) (quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33 (2001)). "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 164 (1995). In determining whether a product feature if functional, one of the factors that the court considers is "whether the design yields a utilitarian advantage." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). Thus, whether a product feature is useful or not to consumers is a question that may be useful to a jury at trial. Innovapro and Sandpiper do not provide a compelling counterargument as to why the RFAs targeting whether certain features are useful do not relate to an issue in this case.

In addition, the Court also overrules the objections as to vagueness and calling for a legal conclusion. The vagueness objection appears to be little more than a boilerplate objection. Innovapro and Sandpiper do not explain why the term "useful" is vague. To the contrary, the term is readily understood in common usage. The legal conclusion objection is also overruled. The RFAs targeting whether certain features are useful do not ask Innovapro and Sandpiper to opine on the actual question of functionality. Rather, usefulness is one factor that may be considered as part of the ultimate inquiry. *Disc Golf Ass'n*, 158 F.3d at 1006; *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 869 (9th Cir. 2020) ("[A] feature that provides a utilitarian benefit is not functional unless the *Disc Golf* factors weigh in favor of finding it so.").

Accordingly, Innovapro and Sandpiper's objections to the RFAs are overruled and the motion to compel is **GRANTED**.

//
//

### III. CONCLUSION

After due consideration and for the reasons stated above, Plaintiff's motion to compel responses to the RFAs is **GRANTED**. Defendants Innovapro and Sandpiper must provide responses to RFA Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 18 **within 14 days** of this order.

**IT IS SO ORDERED.**

Dated: May 21, 2021

Hon. Nita L. Stormes
United States Magistrate Judge